## PELLETREAU vs. JACKSON.

On the return of a *writ of error*, if the errors relied on do not appear *in the record*, but exist in the *files* or *records* of the court below, the correct practice is to put in a *general assignment* of errors, and also a *special assignment alleging diminution*, and on service of a copy of the allegation to enter a rule *of course*, awarding a *certiorari* to bring up the matters alleged in diminution.

If, after the service of a copy of the allegation, the defendant plead *in nullo est erratum*, he admits the facts stated in the allegation to exist, but not that they are cause of error; if he does not choose to make such admission, he may rule the plaintiff to return the certiorari with 20 days, and if the rule be not obeyed, the plaintiff will be non-prossed; if the return be made, the defendant pleads such plea as he is advised.

The court will not, *on motion* determine the *relevancy* of the matters alleged in diminution, and brought up by *certiorari*, but leave the same to be decided when the case shall be argued.

ALLEGATION of diminution on a writ of error. In this case a writ of error to the superior court of the city of New-York was sued out and returned. On the return coming in, the plaintiff alleged diminution, served a copy of the allegation on the defendant in error, entered a rule in the common rule book, awarding a certiorari to bring up the matters alleged in diminution, sued out the certiorari, and obtained a return. The defendant in error moved to set aside the allegation of diminution, and all subsequent proceedings as *irregular*, and

because the proceedings brought up by the certiorari were *irrelevant,* not furnishing matter for reversal of the judgment.

Pelletreau
v.
Jackson.

*B. F. Butler,* for the defendant.

*A. Burr,* for the plaintiff.

*By the Court,* SAVAGE, Ch. J.* Our practice seems not well settled, as to *alleging diminution* and bringing up on certiorari matters not contained in the record itself, and which may be alleged for error; and even the English practice is rather obscurely stated in the books of practice. In the court for the correction of errors there is a rule requiring allegation of diminution to be made within eight days after the return of the writ of error; a certiorari is then issued by the clerk of course, which must be returned within twelve days; and on the return thereof errors must be assigned. Where we have no positive rule, we follow the practice of the king's bench, as far as circumstances will permit. The practice of the house of lords, of the exchequer chamber, and of the king's bench, seem to be the same, or nearly so, as to suing out the certiorari. 2 Archb. Pr. 253, 245, 229 to 232. By the practice in those courts, the *defendant* in error may take a rule upon the return to the writ of error, that the plaintiff allege diminution; and if it is not done, (which seems to mean the payment of certain fees,) the plaintiff may be non-prossed. 2 Archb. Pr. 238. If, after diminution alleged, the plaintiff refuse to sue out a certiorari, and cause it to be returned, he may be ruled to do so; and in his default, may be non-prossed. 2 Archb. Pr. 239. Upon the plaintiff's praying a certiorari, the clerk enters an award thereof, and the plaintiff takes it out in ordinary course, without any special motion. The certiorari is returnable immediately, 2 Archb. Pr. 245, and the plaintiff is bound to have it returned in ten days after the allegation of diminution, or he loses the benefit of it, and the defendant proceeds as if no certiorari had been awarded. Care must be taken that the certiorari do not bear teste before the assign-

* This case was decided 9th September, 1831.

ment of errors.   2 Archb. Pr. 232.   From this it seems that the assignment of errors and the allegation of diminution are *separate pleadings*, and should both be filed *before* the issuing of the certiorari.   If the plaintiff neglects to procure the certiorari to be returned, the special error is relinquished.

The defendant may plead to the assignment before the certiorari is issued, and thus supersede the necessity of issuing it. The plea *in nullo est erratum* denies that there is any error ; but where error out of the body of the record is assigned, such as the want of an original, &c. the plea admits that there is no original, but denies that the want of it is error.   2 Archb. Pr. 232.   The practice is stated a little differently in Tidd, 2 Tidd, 1004, 5, 6.   After this plea is put in, neither party can allege diminution, or pray a certiorari ; but the court may award one for its own information.   2 Dunlap, 1156.   2 Archb. Pr. 233.   2 Saund. 101, n. r.   This part of the practice was recognized by this court in *Rew* v. *Barber*, 2 Cowen, 408, where it is said that a joinder in error admits the return to be perfect, and that it is then too late to allege diminution, and no certiorari can be awarded, whose office it is to bring up matter of record omitted in the return.   In *Rowan* v. *Lytle*, 4 Cowen, 91, the practice as to alleging diminution and issuing a certiorari was presented to the court, but did not become material in that case, as the party moving to set aside the proceedings was not entitled to make the motion, by reason of his *laches*.   It was intimated, however, that the proper practice was to assign errors and allege diminution *in the same pleading*, and pray a certiorari, because on serving this pleading on the defendant he may confess the diminution assigned, and supersede the necessity of a certiorari.   The subject came again before the court in *Brisbin* v. *McLaughlin*, 4 Cowen, 533. There the plaintiff assigned errors specially, alleging diminution, and sued out a certiorari, but without waiting to have it returned, entered a default for not joining in error.   We held that the plaintiff, by taking a default without the return of the certiorari, had waived the special errors assigned ; but that he had a right to do so, and proceed upon the common assignment.   In that case it was assumed that the correct practice

was to file both a *general* and a *special* assignment, alleging diminution in the latter; and it was there remarked that the plaintiff was entitled to the effect of his rule to join in error, as the defendant had omitted to take any step on his part. That decision rests upon the omission of the defendant to rule the plaintiff to return the certiorari; upon being served with the allegation of diminution, the defendant should have ruled the plaintiff to return his certiorari in four days, according to the practice of the king's bench, Our rules of pleading are rules of twenty days, and the rule in that case should have been one of 20 days. Hence it appears that the plaintiff, after serving his special assignment alleging diminution, need not issue his certiorari, unless ruled to do so by the defendant. He may do so, however, without being ruled.

The practice then, as I understand it, is this: upon the return of the writ of error, if the plaintiff wishes to avail himself of any error not contained in the record, but the evidence of which appears upon the files or records of the court to which the writ of error was directed, he may assign errors generally, and also specially, by a separate pleading, and in such special assignment allege diminution; and upon filing an affidavit of the service of a copy of such allegation of diminution, he may enter a rule of course, awarding a certiorari; which certiorari he may cause to be returned within the rule to plead. This he is not obliged to do, unless compelled by a rule taken by the defendant. If the defendant plead *in nullo est erratum* he admits the facts stated in the allegation of diminution; but not that they are cause of error. If he does not choose to make that admission, he must rule the plaintiff to return his certiorari. If such rule is not obeyed, the plaintiff will be nonprossed. If a return be made to the certiorari, the defendant may plead such plea as he shall be advised by his counsel.

According to my ideas of correct practice, the plaintiff in error in this case has proceeded regularly. He has caused his certiorari to be returned, and with it certain proceeding in the court below, which are not returned with the record. Whether those proceedings are such as the court will consider upon the argnment of a writ of error, should be decided when the

argument comes on. If they do not belong to the case, or are not ground of error, the defendant has no cause of complaint; they cannot effect him. If the plaintiff has brought irrelevant matter before the court by his certiorari, it is his own folly; and for the court now to decide upon its relevancy, would be anticipating the decision of the cause. and deciding, perhaps, the merits of the writ of error upon a special motion. By the revised statutes, 2 R. S. 599, § 45, it is enacted, that "a certiorari to certify any diminution, variance or other defect in any record or proceedings, may be issued by the court to which a writ of error shall be returnable to the court upon whose judgment such writ shall be brought, and shall be served on a clerk thereof, and shall be returned by him according to the command of such writ." From this it is evident that no special motion, nor special allowance of the certiorari, are required. The whole business is done in the clerk's office.

The motion is denied, with costs.