FRANCIS HAYEN, plaintiff in error, *v.* THE PEOPLE, defendants in error.

The Revised Statutes have abolished all assignments of error, and allegations of
diminution, or writs of error and *certiorari,* in criminal cases.

In deciding a criminal case, therefore, brought up on a writ of error, the Supreme
Court cannot look beyond the record of judgment.

To enable a party to avail himself of any irregularities in the court below, it
should be presented in the first instance, in that court, either by plea in
abatement, or bill of exceptions, so as to introduce it upon the record, and
thus subject it to review upon writ of error after judgment.

THIS was a writ of error to the court of Sessions of Livingston County.  The plaintiff in error was indicted in the Sessions in March 1854, for arson of a barn, in the night time.  He was tried upon the indictment in the same court in September following, when he was convicted, and adjudged to be imprisoned in the State prison at Auburn for the term of seven years and six months.  The writ of error commanded the court below to send the record of the judgment with all things concerning the same.

The return to the writ contained a transcript of the record of conviction, and the judgment of the court thereon.  The record was in the usual and proper form, in all respects, of a judgment record of conviction in a criminal case.

Upon the coming in of the said writ, the plaintiff in error filed a special assignment of errors alleging diminution in the record and praying a writ of *certiorari* to bring up the matters alleged in diminution.  But no such writ was issued.

The assignment of errors, and allegations of diminution were in the following form:

And the said Francis Hayen, by Charles C. Willson his attorney and counsel, comes into court and says, that in the record and proceedings aforesaid, and also in giving judgment

aforesaid, there is manifest error in this, to wit: That the record contains no indictment; that the paper purporting to be an indictment, (or copy thereof), was never presented to any court of criminal jurisdiction, nor was it ever presented by any grand jury of the said county of Livingston. There is error also in this, to wit: that at the time said pretended indictment purports to have been found, presented and filed, there was no Court of General Sessions, regularly organized, sitting in said county of Livingston, nor were the persons by whom the same purports to have been found and presented, a grand jury of the said county of Livingston. There is error in this also, to wit: that the orders made by the county judge of the said county of Livingston convening the said court at which said pretended indictment purports to have been found and presented, and appointing the same, was not entered in, and contained no reference to said Court of Sessions, but was defective in this behalf and was altogether null and void, which order, is entered of record in the minutes of the clerk of said court but is omitted in the answer and return of the said Court of Sessions to the writ of error. There is also error in this, to wit: There is no order of the county judge of Livingston county convening said Court of Sessions, at which said pretended indictment purports to have been found and presented, and that the order under which said court convened, appoints only a county court. There is also error in this, to wit: that the return of the sheriff to the precept directed to him, commanding him to summon the grand jurors to attend said term at which said pretended indictment purports to have been found and presented, is imperfect, insufficient and altogether null and void, which return, together with such precept is on file in the office of the clerk of said county, but is omitted in the return and answer of the said Court of Sessions to the writ of error. There is also error in this, to wit: that the said court erred in refusing to grant the motion of the defendant for his discharge made to the said court after the verdict rendered and

before judgment, and upon proof by affidavit that there never had been in this case any legal or valid, or any indictment presented or filed against him, the said Francis Hayen therein, for the crime of arson, which papers are on file in the office of the clerk of said court, at his office in Geneseo, but was omitted in the return and answer of the said Court of Sessions to the writ of error. And the said Francis Hayen prays a writ of the people of the State of .New-York to be directed to said Court of Sessions to certify to the said justices of the Supreme Court, the truth of the same, and it is granted to him. And the said Francis Hayen prays that the judgment aforesaid, for the errors aforesaid and other errors in the record and proceedings aforesaid, may be reversed, annulled and altogether held for nothing; and that he may be restored to all things which he hath lost by occasion of the said judgment.

The defendants pleaded, *in nullo est erratum.*

*Charles C. Willson,* for the plaintiff in error.

*James Wood* (District Attorney), for defendants in error.

*By the Court,* WELLES, J.—Before proceeding to the consideration of the sufficiency of the matters alleged in diminution, as presenting errors for which the judgment of the court below should be reversed, it is proper to dispose of the question of practice as to the effect of the plea of the defendants in error in the case before us.

There is, no doubt, as a general rule, that in civil cases, the plea *in nullo est· erratum* admits the facts stated in an assignment of errors of fact, which facts are outside the record. ( *Graham's Pr.,* 789, *1st ed.;* 957, *2d ed., and authorities there cited.*)

It is contended, however, by the counsel for the defendants in error, that such admission extends only to such facts as, if specifically denied, would be triable by a jury; such, for

example, as infancy of the party, &c., and not to such mat-
ters as are brought up in answer to a writ issued to certify
diminution, which are tried by inspection without a jury.
But I apprehend that such a plea is an admission of every
fact properly alleged which is not shown by the judgment
record as brought up by the writ of error, without regard to
the manner of trial, whether by the court or a jury. Such
seems to have been the ruling in *Pelletreau* v. *Jackson* (7
*Wend.*, 478), where Savage, Ch. J., after examining the
question quite fully, and reviewing the authorities, comes to
the following conclusion : " The practice, then, as I under-
stand it, is this : upon the return of the writ of error, if the
plaintiff wishes to avail himself of any error not contained
in the record, but the evidence of which appears upon the
files or records of the court to which the writ of error was
directed, he may assign errors generally, and also specially,
by a separate pleading, and in such special assignment allege
diminution ; and upon filing an affidavit of the service of a
copy of such allegation of diminution, he may enter a rule
of course awarding a *certiorari*, which *certiorari* he may
cause to be returned within the rule to plead. This he is
not obliged to do unless compelled by a rule taken by the
defendant. If the defendant pleads, *in nullo est erratum*, he
admits the facts stated in the allegation of diminution, but
not that they are cause of error. If he does not choose to
make that admission he must rule the plaintiff to return the
*certiorari*. If such rule is not obeyed, the plaintiff will be
*non-prossed*. If a return be made to the *certiorari*, the defen-
dant may plead such plea as he shall be advised by his
counsel."

There is an expression of Cowen, J., in *Hill* v. *Stocking*
(6 *Hill*, 277), which favors the idea that the plea in ques-
tion only admits facts triable by a jury. But the case did
not necessarily involve the point, and the question does not
appear to have been much considered. There is no reason
why the admission should extend to one case more than the

Hayen *v.* The People.

other. In both, evidence in support of the allegations is equally necessary, while in the case of error apparent upon the record, no further evidence is necessary.

Generally, no assignment of errors or joinder in error in criminal cases is necessary. (2 *R. S.*, 741, § 22.) The section referred to is in the article entitled " Of writs of error on judgments and certioraris in criminal cases," and is in the words following : " No assignment of errors or joinder in error shall be necessary upon any writ of error or *certiorari*, issued pursuant to the foregoing provisions ; but the court shall proceed on the return thereto, and render judgment on the return before them." If this statute is to be construed as excluding assignments of errors, in all cases of writs of error in criminal cases, it is equivalent to a prohibition upon the court against their looking beyond or behind the record of judgment ; for that is all the writ of error brings up. If this be so, it must be because for every error and irregularity in the court to which the writ of error is directed, not apparent on the face of the record, some other adequate remedy is provided, and which, if the party avails himself of, at the proper time and in the proper manner, he will be secured a fair trial according to the forms prescribed by law.

I am constrained to the conclusion that the section recited is imperative, and in effect abolishes all assignments of error and allegations of diminution on writs of error and *certiorari* in criminal cases. The language is too explicit, it seems to me, to admit of a different construction. It is that the court shall proceed on the return to the writ and render judgment on the return before them. This will not deprive a party accused of any legal right, or foreclose him against interposing any legal objection, whether technical or meritorious. It only requires him to insist upon his rights, and make his objections in an orderly manner, and at the proper time. Where they relate to matters extrinsic of the judgment record, his remedy is by motion, as in case of irregularity

of the jury on the trial. In most cases before conviction, they could be presented either by plea in abatement or bill of exceptions, either of which would introduce them upon the record, and thus subject them to review upon writ of error after judgment. In the case of *The People* v. *Moneghan* (1 *Park. Cr. R.*, 570), the principal question now sought to be presented was properly raised and decided upon a demurrer to a plea in abatement. Any of the matters contained in the allegation of diminution in this case, if good at all, would be so by way of plea in abatement.

In *The People* v. *Griffin* (2 *Barb. S. C. R.*, 427) we held that it was too late to take an objection upon the trial relating to the organization of the grand jury. I see no difference in principle between that case, in respect to the question under consideration, and the present. The objections here relate entirely to the regularity and validity of the grand jury. No complaint is made touching the legality or jurisdiction of the court at which the plaintiff in error was tried, or of any error committed on the trial. It is not that he has not been fairly tried or justly convicted, but is simply that he was tried upon an indictment not legally presented. After he has appeared upon the indictment at a term of the court regularly and legally constituted, and demanded a trial upon his plea of not guilty, has been tried and convicted and judgment passed against him, his objections to the inceptive proceedings come too late, and are not before us at a time or in a form of proceeding to justify this court in entertaining them.

If these views are correct the judgment of the court below should be affirmed.

Judgment affirmed.